[No. C050384. Third Dist. Feb. 26, 2007.]

LISA HART, Plaintiff and Appellant, v.
AUTOWEST DODGE, Defendant and Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION***]**

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of Factual and Procedural Background of the Dismissal of Plaintiff's complaint and part I of the Discussion.

**COUNSEL**

Kinsey Consumer Law Center and Sharon L. Kinsey for Plaintiff and Appellant.

Kolar & Associates, Elizabeth L. Kolar and William N. Blasser for Defendant and Respondent.

**OPINION**

**SIMS, J.**—In this action alleging violations of the Vehicle Leasing Act (Civ. Code, § 2985.7 et seq.; VLA)[1] and the unfair competition law (Bus. & Prof. Code, § 17200 et seq.; UCL), plaintiff Lisa Hart appeals from a judgment dismissing with prejudice her action against defendant Autowest Dodge for lack of evidence and from an order awarding attorney's fees. Plaintiff contends the trial court improperly denied leave to amend her complaint, improperly dismissed her lawsuit under an erroneous fact pleading standard, and improperly awarded attorney's fees under section 2988.9. In an unpublished portion of the opinion, we shall affirm the judgment. In the published portion of the opinion, we affirm the attorney's fees award.

### FACTUAL AND PROCEDURAL BACKGROUND OF THE DISMISSAL OF PLAINTIFF'S COMPLAINT*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISCUSSION

I. *Appeal from Judgment**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[1] Undesignated statutory references are to the Civil Code.

*See footnote, *ante*, page 1258.

## II. *Appeal from Order Regarding Attorney's Fees*

After the trial court dismissed plaintiff's complaint with prejudice on the first day of trial, for lack of evidence, defendant filed a motion for attorney's fees pursuant to section 2988.9 (which we quote *post*). Defendant alleged that defendant was the prevailing party in an action on a contract subject to the VLA, that defendant alleged in its amended answer that it tendered to plaintiff, in an offer to compromise (Code Civ. Proc., § 998), the full amount to which she was entitled ($1,500) and deposited that amount with the court on June 25, 2004, and plaintiff failed to obtain a judgment more favorable than defendant's offer to compromise.

Plaintiff opposed the motion, arguing section 2988.9 calls for attorney's fees only when the tender and deposit alleged in the defendant's answer to the complaint "is found to be true," and here there was no such finding before entry of judgment, and it was too late to make such a finding after judgment was entered.

On August 24, 2005, the trial court granted defendant's motion for attorney's fees and awarded the amount of $45,436.50. The court also granted in part plaintiff's motion to tax costs (which is not at issue on appeal). On October 28, 2005, plaintiff filed a timely notice of appeal from the order regarding attorney's fees and costs.

Plaintiff contends the trial court's award of attorney's fees to defendant was improper because defendant did not make a proper tender, did not allege proper tender in its initial answer to the complaint, and the trial court did not make requisite findings of tender and deposit to support an award of attorney's fees under section 2988.9. We shall affirm the award. (§ 2988.9.)

Both sides agree this appeal concerns interpretation of the statute, which presents a question of law which we review de novo. (*Trinkle v. Stroh* (1997) 60 Cal.App.4th 771, 777 [70 Cal.Rptr.2d 661].)

Section 2988.9 provides: "Reasonable attorney's fees and costs shall be awarded to the prevailing party in any action on a lease contract subject to the provisions of this chapter regardless of whether the action is instituted by the lessor, assignee, or lessee. Where the defendant alleges in his or her answer that he or she tendered to the plaintiff the full amount to which he or she was entitled, and thereupon deposits in court, for the plaintiff, the amount so tendered, and the allegation is found to be true, then the defendant is deemed to be the prevailing party within the meaning of this section." (§ 2988.9.)

Both sides misconstrue the statute. They believe section 2988.9 authorizes attorney's fees only when the defendant has tendered and deposited in court

the amount to which the plaintiff is entitled. Defendant adopted that view in its motion but argued it complied with the tender and deposit requirements.

██ However, both sides are wrong. The second sentence of the statute does not require tender and deposit as prerequisites for an attorney's fees award in addition to the "prevailing party" requirement of the statute's first sentence. Rather, the second sentence of the statute merely describes one way in which a defendant will be declared a "prevailing party," i.e., where a defendant who concedes owing money but disputes the amount, tenders and deposits the amount to which the plaintiff is entitled, and the allegation (that this is the full amount to which the plaintiff is entitled) is found to be true by the court. It would be nonsensical to require a defendant who has done nothing wrong to tender, deposit, and prove an amount to which plaintiff is "entitled" in order to recover attorney's fees.

██ "When uncertainty arises in a question of statutory interpretation, consideration must be given to the consequences that will flow from a particular interpretation. [Citation.] In this regard, it is presumed the Legislature intended reasonable results consistent with its expressed purpose, not absurd consequences. [Citations.]" (*Harris v. Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1165–1166 [278 Cal.Rptr. 614, 805 P.2d 873].)

██ Defendant here appears to have conflated Civil Code section 2988.9 with an offer to compromise under Code of Civil Procedure section 998, and defendant apparently deposited in court the amount it offered to settle the suit. However, an offer to settle does not acknowledge liability, whereas section 2988.9 requires tender and deposit of the amount to which the plaintiff is "entitled."

Plaintiff cites no authority supporting her interpretation of the statute. In the main case cited by plaintiff—*Joseph Magnin Co. v. Schmidt* (1978) 89 Cal.App.3d Supp. 7 [152 Cal.Rptr. 523] (a nonbinding opinion of a trial court's appellate division involving a similarly worded statute)—a department store sued a customer for money due on a retail installment contract. The customer paid the amount due after the complaint was filed but before she filed an answer. Consequently, a judgment that plaintiff take nothing was rendered in favor of the customer. (*Id.* at pp. Supp. 8–9.) The trial court rejected the store's argument that it was the prevailing party and therefore entitled to attorney's fees under section 1811.1.[19] The trial court's appellate

---

[19] In language almost identical to the statute at issue in this appeal, section 1811.1 provides with respect to retail installment accounts that "[r]easonable attorney's fees and costs shall be awarded to the prevailing party in any action on a contract or installment account subject to the provisions of this chapter regardless of whether such action is instituted by the seller, holder or buyer. Where the defendant alleges in his answer that he tendered to the plaintiff the full amount to which he was entitled, and thereupon deposits in court, for the plaintiff, the amount

division reversed, with directions to award attorney's fees to the store, holding that in order to come within section 1811.1, which deems a defendant who tenders the amount due on a contract to be the prevailing party, the tender must be made before the litigation commences. (89 Cal.App.3d at pp. Supp. 10–13.) Thus, the purpose of the statutory language is clear; it prevents a defendant (who admittedly owes money) from making the plaintiff spend money on attorney's fees before getting paid, yet it allows the defendant who tries to do the right thing to recover attorney's fees if the plaintiff refuses the money and the defendant meets the statutory requirements of tender and deposit.

■ Plaintiff cites *LaChapelle v. Toyota Motor Credit Corp.* (2002) 102 Cal.App.4th 977 at page 994 [126 Cal.Rptr.2d 32] (*LaChapelle*), for the proposition that courts routinely follow interpretations of section 1811.1 when interpreting the identical language of section 2988.9. However, *LaChapelle* did not interpret (or even discuss) the "tender and deposit" part of section 2988.9. There, an automobile lessee sued the agency that financed the lease and the credit corporation to which the lease was assigned, alleging VLA violations. (*LaChapelle*, at pp. 980–981.) The trial court granted summary judgment to the defendants and awarded them attorney's fees. The appellate court affirmed the judgment and affirmed the order awarding attorney's fees. *LaChapelle* quoted only the first sentence of section 2988.9—that the prevailing party in a VLA case shall be awarded attorney's fees. (*LaChapelle*, at p. 992.) *LaChapelle* rejected the plaintiff's argument that, because another VLA provision imposes liability for attorney's fees on lessors who fail to comply with certain VLA requirements, section 2988.9 must be limited to VLA actions brought for some reason other than violation of the VLA's disclosure requirements. (*LaChapelle*, at p. 993.) The court noted that, while section 2988.9 makes it financially feasible for consumers to bring suit, it appeared the Legislature also sought to discourage unwarranted suits by authorizing in section 2988.9 awards in favor of prevailing lessors and assignees. (*LaChapelle*, at p. 993.) *LaChapelle* also said, "language such as that employed in . . . section 2988.9 has been interpreted as applying to any and all actions where the subject matter involves a contract subject to the provisions of the consumer protection legislation at issue. [Citations to cases including a case citing similar language in section 1811.1.] In light of the broad interpretation traditionally given such language, and the fact that the Legislature, presumably aware of this interpretation, did not alter it in enacting . . . section 2988.9, it cannot be presumed that section 2988.9 was intended to have only the limited application asserted by appellant. We conclude, therefore, that section 2988.9 authorizes an award of fees to the

so tendered, and the allegation is found to be true, then the defendant is deemed to be a prevailing party within the meaning of this article." (§ 1811.1.)

prevailing party in any type of action in which the subject matter involves a contract subject to the provisions of the VLA." (*LaChapelle*, at pp. 993–994.)

Thus, *LaChapelle, supra*, 102 Cal.App.4th 977, does not assist plaintiff in this appeal.

Plaintiff argues consumer protection laws protect consumers, and we should therefore interpret in the consumer's favor a consumer protection statute that authorizes a defendant to recover fees. Plaintiff says that in another context, section 1794, subdivision (d), limits recovery under the act to buyers. However, plaintiff did not read the whole act. Section 1794 is all about actions by buyers. Section 1794.1, which addresses actions by retail sellers, in fact authorizes awards of attorney's fees for retail sellers.

Plaintiff also cites *Corbett v. Hayward Dodge, Inc.* (2004) 119 Cal.App.4th 915, 924 [14 Cal.Rptr.3d 741], which said a defendant must show the plaintiff prosecuted a case in subjective bad faith where the statute authorized the defendant to recover attorney's fees if the plaintiff's claims were not in good faith. Here, in contrast, protection of consumers is not the sole purpose of section 2988.9, which expressly authorizes awards in favor of lessors, without requiring proof of bad faith by the plaintiff. As stated in *LaChapelle*, the Legislature, by authorizing attorney's fees awards in favor of lessors under section 2988.9, also sought to discourage unwarranted lawsuits, such as this one. (*LaChapelle, supra*, 102 Cal.App.4th at p. 993.)

Thus, plaintiff cites no authority supporting her view that section 2988.9 makes "tender and deposit" a prerequisite for an award of attorney's fees.

It is apparent to us that the second sentence of section 2988.9 obviously does not apply where, as here, the defendant denies all liability on the complaint (i.e., that plaintiff is not entitled to anything), and the judgment awards the plaintiff no relief. In such a case, the defendant is clearly the prevailing party in the VLA action. That is the case here.

■ We conclude tender and deposit is not required where the defendant denies any liability and prevails in the trial court. We therefore need not address the parties' arguments about whether the tender must be alleged in the original answer, or whether the trial court was required to make an express finding as to whether defendant tendered the entire amount to which plaintiff was entitled.

We conclude the trial court properly granted defendant's motion for attorney's fees. Plaintiff does not challenge the amount of the award.

In the absence of a request by defendant, we decline to consider whether defendant should get attorney's fees for defending against the appeal from the judgment or from the order awarding attorney's fees. Certainly, defendant should not recover attorney's fees for defending against the appeal from the attorney's fees order, because defendant's respondent's brief was not useful to us.

## DISPOSITION

The judgment is affirmed. The order granting attorney's fees is affirmed. Defendant shall recover its costs on appeal. (Cal. Rules of Court, rule 8.276(a)(1).)

Blease, Acting P. J., and Morrison, J., concurred.