[No. C064437. Third Dist. June 29, 2010.]

In re CONNIE ANN RODDEN on Habeas Corpus.

## COUNSEL

Benjamin Owens, under appointment by the Court of Appeal, for Petitioner Connie Ann Rodden.

Edmund G. Brown Jr., Attorney General, Michael P. Farrell, Assistant Attorney General, Janet E. Neeley, Catherine Chatman and Julie A. Hokans, Deputy Attorneys General, for Respondent State of California.

## OPINION

**SIMS, J.**—In this habeas corpus proceeding, we address whether California's sex offender registration requirement may be imposed on the basis of facts gleaned from a probation report prepared after a guilty plea was entered in Kentucky state court.

Petitioner Connie Ann Rodden seeks to vacate her guilty plea to failure to register as a sex offender in California within five days of coming into, or changing residence within, a county. (Pen. Code, §§ 290, subd. (b), 290.005, subd. (a), 290.018, subd. (b).)[1] She argues that the least adjudicated elements of her Kentucky conviction do not satisfy those of any California offense for which sex offender registration is required.

After reviewing the petition, informal opposition, and reply, as well as the appellate record in petitioner's direct appeal,[2] we issued an order to show cause to be returned to this court. After considering the return and traverse, we shall issue the writ.

■ As we shall explain, an out-of-state conviction requires a defendant to register as a sex offender in California only when the least adjudicated elements of the offense satisfy all of the elements of a crime enumerated in subdivision (c) of section 290 or when the foreign jurisdiction required the defendant to register as a sex offender. Here, the least adjudicated elements of the offense for which petitioner was convicted in Kentucky do not meet all of the requirements for any registerable offense in California. Consequently, petitioner did not unlawfully fail to register as a sex offender, and her guilty plea to the same must be vacated.

---

[1] Undesignated statutory references are to the Penal Code.

[2] We take judicial notice of the appellate record in *People v. Rodden* (C062053), and our prior opinion in *Rodden v. Superior Court* (Jan. 26, 2010, C062804) (nonpub. opn.). In the prior appeal, we held that petitioner did not knowingly and intelligently waive her right to appeal.

## FACTUAL AND PROCEDURAL HISTORY

### Petitioner's conviction in Kentucky

In July 2003, petitioner entered a guilty plea in Kentucky state court to "Facilitating Sodomy, first-degree" as defined by section 506.080 of the Kentucky Revised Statutes. The Kentucky statute provides in pertinent part: "A person is guilty of criminal facilitation when, acting with knowledge that another person is committing or intends to commit a crime, he engages in conduct which knowingly provides such person with means or opportunity for the commission of the crime and which in fact aids such person to commit the crime."

A postplea probation report recounted statements made by petitioner to the police during their initial investigation of the crime. Petitioner told the police that her live-in boyfriend had repeatedly expressed sexual interest in her seven- and 11-year-old daughters. For three months, the boyfriend persistently asked petitioner for permission to have sex with the girls. Petitioner steadfastly refused.

The boyfriend began to wrestle with the older daughter behind closed doors. Although this made petitioner mad, the boyfriend continued. One day, petitioner saw the boyfriend put his penis into her daughter's mouth. Despite petitioner's anger, the boyfriend and older daughter continued to wrestle. A few months later, the daughter reported to petitioner that the boyfriend had made her suck on his penis again. When confronted, the boyfriend admitted the molestation but promised that it would never happen again. However, several months later, the boyfriend molested the daughter again.

A final judgment was entered in petitioner's Kentucky case in June 2004. The judgment states, in part: "Upon inquiry by the Court, the defendant and her counsel advised the Court that they had been provided with a copy of the written report of the presentence investigation of the defendant, prepared by the Division of Probation and Parole, and that they had been provided with a copy of the comprehensive sex offender presentence evaluation of the defendant prepared by the Department of Corrections [or an approved provider as defined in KRS 17.55(3)], and that the defendant was fully familiar with the factual content and conclusions contained in both reports, and that neither the defendant nor the defendant's counsel wished to controvert any factual data contained in either of the reports."

Based on the information contained in the presentence reports, the Kentucky court concluded "that imprisonment is not necessary for the protection of the public and the defendant is a suitable candidate for probation." In June 2004,

the Kentucky court placed petitioner on probation. Petitioner was not required to register as a sex offender in Kentucky.

### Petitioner's conviction for failing to register as a sex offender in California

Petitioner moved to California during her probationary period, as allowed by an interstate compact between Kentucky and California. Petitioner's California probation officer informed her that the Kentucky conviction required her to register as a sex offender in California. Petitioner refused to register as a sex offender.

In September 2008, the Butte County District Attorney filed a felony complaint charging petitioner with various offenses including failure to register as a sex offender within five days of moving to the county. (§§ 290, subd. (b), 290.005, subd. (a), 290.018, subd. (b).) Petitioner entered a plea of not guilty.

At the conclusion of a preliminary hearing, the trial court held petitioner to answer on the felony charge of failure to register as a sex offender. The court also held defendant to answer on misdemeanor charges of child abuse (§ 273a, subd. (a)), being under the influence of methamphetamine (Health & Saf. Code, § 11550, subd. (a)), and possession of a device used to smoke a controlled substance (Health & Saf. Code, § 11364, subd. (a)).

During the preliminary hearing, petitioner's counsel argued that the Kentucky offense did not qualify as an offense for which registration as a sex offender is required by subdivision (c) of section 290. However, the trial court declared that petitioner's Kentucky conviction was equivalent to a violation of section 266j,[3] for which sex offender registration is mandatory.

In April 2009, petitioner entered a guilty plea to misdemeanor child abuse and felonious failure to register as a sex offender. The trial court subsequently sentenced petitioner to three years in state prison for the felony and a concurrent year in jail for the misdemeanor.

In May 2009, petitioner filed a notice of appeal indicating that the appeal was based on the sentence or other matters occurring after entry of the plea. In July 2009, petitioner filed a second notice of appeal that stated an intent to

---

[3] Section 266j provides: "Any person who intentionally gives, transports, provides, or makes available, or who offers to give, transport, provide, or make available to another person, a child under the age of 16 for the purpose of any lewd or lascivious act as defined in Section 288, or who causes, induces, or persuades a child under the age of 16 to engage in such an act with another person, is guilty of a felony . . . ."

challenge the plea's validity. Along with the second notice of appeal, petitioner also filed a request for a certificate of probable cause.

The trial court denied the certificate of probable cause. In January 2010, this court issued a peremptory writ of mandate directing the superior court to vacate its order denying petitioner's request for a certificate of probable cause and to issue a new and different order granting the certificate. (*Rodden v. Superior Court, supra,* C062804.) In ordering the issuance of a peremptory writ of mandate, this court held that, to the extent there was no factual basis for the plea of guilty to the crime of failing to register as a sex offender, petitioner's waiver of the right to appeal was not knowing and intelligent. (*Ibid.*)

The trial court issued the certificate of probable cause in February 2010. On March 15, 2010, petitioner filed her appellant's opening brief in the related appeal as well as the petition in the present writ proceeding in which she seeks the same relief on an expedited basis.

## DISCUSSION

Petitioner asserts that she would not have pled guilty if the trial court had not erroneously ruled that her Kentucky conviction met all of the elements of a California offense for which sex offender registration is mandatory. Thus, she argues that her guilty plea must be vacated. We agree.

### A

An appeal fails to provide an adequate legal remedy when the petitioner may serve the entirety of an erroneously imposed prison sentence before the appellate process concludes. (*In re Newbern* (1960) 53 Cal.2d 786, 789–790 [3 Cal.Rptr. 364, 350 P.2d 116].) Habeas corpus allows for a more rapid adjudication of a meritorious claim. (See, e.g., § 1475.) To the extent that petitioner's claim has merit and her sentence appears capable of being served before resolution of her concurrent appeal, habeas corpus relief is appropriate. (*In re Newbern, supra,* 53 Cal.2d 786, 789–790, superseded by statute on other grounds as noted in *In re Koehne* (1963) 59 Cal.2d 646, 648 [30 Cal.Rptr. 809, 381 P.2d 633].)

### B

"Under settled canons of statutory construction, in construing a statute we ascertain the Legislature's intent in order to effectuate the law's purpose. (*Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386–1387 [241 Cal.Rptr. 67, 743 P.2d 1323].) We must look to

the statute's words and give them their usual and ordinary meaning. (*DaFonte v. Up-Right, Inc.* (1992) 2 Cal.4th 593, 601 [7 Cal.Rptr.2d 238, 828 P.2d 140].) The statute's plain meaning controls the court's interpretation unless its words are ambiguous. If the plain language of a statute is unambiguous, no court need, or should, go beyond that pure expression of legislative intent. (*Ibid.*)" (*Green v. State of California* (2007) 42 Cal.4th 254, 260 [64 Cal.Rptr.3d 390, 165 P.3d 118].)

■ In California, defendants are subject to mandatory lifetime sex offender registration when convicted of any offense listed in section 290.[4] In pertinent part, section 290 provides:

"(b) Every person described in subdivision (c), for the rest of his or her life while residing in California, or while attending school or working in California, as described in Sections 290.002 and 290.01, shall be required to register . . . within five working days of coming into, or changing his or her residence within, any city, county, or city and county, or campus in which he or she temporarily resides, and shall be required to register thereafter in accordance with the Act.

"(c) The following persons shall be required to register:

"Any person who, since July 1, 1944, has been or is hereafter convicted in any court in this state or in any federal or military court of a violation of Section 187 committed in the perpetration, or an attempt to perpetrate, rape or any act punishable under Section 286, 288, 288a, or 289, Section 207· or 209 committed with intent to violate Section 261, 286, 288, 288a, or 289, Section 220, except assault to commit mayhem, Section 243.4, paragraph (1), (2), (3), (4), or (6) of subdivision (a) of Section 261, paragraph (1) of subdivision (a) of Section 262 involving the use of force or violence for which the person is sentenced to the state prison, Section 264.1, 266, or 266c, subdivision (b) of Section 266h, of subdivision (b) Section 266i, Section 266j, 267, 269, 285, 286, 288, 288a, 288.3, 288.4, 288.5, 288.7, 289, or 311.1, subdivision (b), (c), or (d) of Section 311.2, Section 311.3, 311.4, 311.10, 311.11, or 647.6, former Section 647a, subdivision (c) of Section 653f, subdivision 1 or 2 of Section 314, any offense involving lewd or lascivious conduct under Section 272, or any felony violation of Section 288.2; any statutory predecessor that includes all elements of one of the

---

[4] Failure to register as a sex offender constitutes a felony. Section 290.018 provides that "any person who is required to register under the Act based on a felony conviction or juvenile adjudication who willfully violates any requirement of the Act or who has a prior conviction or juvenile adjudication for the offense of failing to register under the Act and who subsequently and willfully violates any requirement of the Act is guilty of a felony and shall be punished by imprisonment in the state prison for 16 months, or two or three years."

above-mentioned offenses; or any person who since that date has been or is hereafter convicted of the attempt or conspiracy to commit any of the above-mentioned offenses."

■ Section 290 does not refer to the conduct underlying a conviction in determining who must register as a sex offender. Instead, subdivision (c) of the section predicates registration on conviction of specified Penal Code sections and "any statutory predecessor that includes all elements of one of the above-mentioned offenses . . . ." Thus, "[a] critical element of section 290 is conviction of an *enumerated* sex offense . . . ." (*People v. Cajina* (2005) 127 Cal.App.4th 929, 933 [26 Cal.Rptr.3d 171], italics added.)

In determining whether a defendant has violated the registration require-ment of section 290, the trier of fact may not elevate an otherwise nonquali-fying prior conviction into one requiring registration by relying on evidence of conduct underlying the conviction. In the case of *In re J.P.* (2009) 170 Cal.App.4th 1292 [89 Cal.Rptr.3d 17], the Court of Appeal rejected the Attorney General's contention that the trial court should have considered the facts underlying the defendant's juvenile conviction of a nonforcible sex offense in determining whether the defendant was required to register as a sex offender. (*Id.* at pp. 1293, 1295, 1299.) The *J.P.* court examined and followed the reasoning of *People v. Hofsheier* (2006) 37 Cal.4th 1185 [39 Cal.Rptr.3d 821, 129 P.3d 29] (*Hofsheier*) to conclude that the defendant was denied equal protection of law by being required to register as a sex offender for a violation of section 288a, subdivision (b)(1). (*Hofsheier*, at pp. 1293, 1295–1296.)

In relieving the defendant of the sex offender registration requirement, the *J.P.* court rejected the Attorney General's assertion that an examination of the facts underlying the offense would have allowed for a conviction of an offense for which registration would not have violated equal protection guarantees. (*In re J.P., supra*, 170 Cal.App.4th 1292, 1299.) As the *J.P.* court explained: "We are unconvinced by the People's proposed approach, which would require us to look beyond the statutory elements of the offense he admitted. While the *Hofsheier* decision discussed the factual scenarios that typically underlie the statutes it was considering, its equal protection analysis involved a comparison of 'persons convicted of oral copulation with minors and persons convicted of sexual intercourse with minors.' " (*Id.* at p. 1299, italics omitted.) *"This approach jibes with the mandatory registration statutes themselves, which are triggered by certain convictions or juvenile adjudica-tions, and not by the underlying conduct of those offenses per se.* Section 290, which requires sex offender registration for adult offenders, applies to persons convicted of certain offenses (see § 290, subd. (c)) . . . ." (*Id.* at p. 1299, first italics omitted, second italics added.)

Sex offender registration for out-of-state criminal convictions is governed by section 290.005, which provides:

"The following persons shall register in accordance with the Act:

"(a) Any person who, since July 1, 1944, has been, or is hereafter convicted in any other court, including any state, federal, or military court, *of any offense that, if committed or attempted in this state, would have been punishable as one or more of the offenses described in subdivision (c) of Section 290,* including offenses in which the person was a principal, as defined in Section 31.

"(b) Any person ordered by any other court, including any state, federal, or military court, to register as a sex offender for any offense, if the court found at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification.

"(c) Except as provided in subdivision (d), any person who would be required to register while residing in the state of conviction for a sex offense committed in that state.

"(d) Notwithstanding subdivision (c), a person convicted in another state of an offense similar to one of the following offenses who is required to register in the state of conviction shall not be required to register in California *unless the out-of-state offense contains all of the elements of a registerable California offense described in subdivision (c) of Section 290:* [¶] (1) Indecent exposure, pursuant to Section 314. [¶] (2) Unlawful sexual intercourse, pursuant to Section 261.5. [¶] (3) Incest, pursuant to Section 285. [¶] (4) Sodomy, pursuant to Section 286, or oral copulation, pursuant to Section 288a, provided that the offender notifies the Department of Justice that the sodomy or oral copulation conviction was for conduct between consenting adults, as described in Section 290.019, and the department is able, upon the exercise of reasonable diligence, to verify that fact. [¶] (5) Pimping, pursuant to Section 266h, or pandering, pursuant to Section 266i." (Italics added.)

The Attorney General argues that section 290.005 "on its face imposes no requirement that the offense of conviction include all of the elements of an offense enumerated in . . . section 290, and no such requirement should be read into the statute." Crediting the Attorney General's argument would require sex offender registration for out-of-state convictions that are merely *related* to California offenses for which sex offender registration is required. We reject such a result.

█ Section 290.005 premises the sex offender registration requirement for out-of-state convictions on their equivalence to enumerated Penal Code

sections for which registration is mandatory in California or on the foreign jurisdiction's imposition of its own sex offender registration mandate. At its core, subdivision (a) of section 290.005 requires registration for "[a]ny person who . . . has been . . . convicted in any other court . . . of any offense that . . . would have been punishable as one or more of the offenses described in subdivision (c) of Section 290." Further indicating the necessity of showing equivalence between elements of the offense for which the out-of-state conviction was sustained and the registerable California offense is the language of subdivision (d) of section 290.005, which states that "a person convicted in another state of an offense similar to [California's crimes of pimping, pandering, sodomy, or oral copulation] who is required to register in the state of conviction shall not be required to register in California *unless the out-of-state offense contains all of the elements of a registerable California offense described in subdivision (c) of Section 290.*" (Italics added.)

Although the Attorney General seems to concede that subdivision (d) of section 290.005 allows inquiry only into the least adjudicated elements of the foreign conviction, the Attorney General argues that subdivision (d) sheds no light on the test for qualifying convictions specified in subdivision (a). Not so. The Legislature would have supplied an unworkable statute if it had required differing tests in subdivisions (a) and (d) for determining whether out-of-state convictions are registerable in California.

■ The same out-of-state conviction may be subject to proof as a registerable offense in California under both subdivisions (a) and (d) of section 290.005 because both subdivisions apply to convictions that are equivalent to violations of sections 266h (pimping), 266i (pandering), 286 (sodomy), and 288a (oral copulation). These four sections are subject to mandatory registration in California under section 290, and out-of-state violations equivalent to sections 266h, 266i, 286, and 288a require registration under section 290.005, subdivision (a).

The prosecution may also demonstrate a defendant's need to register by showing that the laws of the foreign jurisdiction required the defendant to register as a sex offender in that jurisdiction. (§ 290.005, subd. (c).) However, if the prosecution resorts to showing a defendant's requirement of registration in a foreign jurisdiction for pimping, pandering, sodomy, or oral copulation, the prosecution *also* must prove that the elements of the offense in the foreign jurisdiction also meet the requirements of section 266i, 266h, 286, or 288a.

■ If section 290.005 articulated more than one test for an out-of-state conviction, the untenable result would be that for foreign offenses of pimping, pandering, sodomy, and oral copulation, the trial court would be simultaneously allowed and disallowed from looking beyond the least adjudicated

elements of the conviction. On questions of statutory interpretation, " 'it is presumed the Legislature intended reasonable results consistent with its expressed purpose, not absurd consequences.' " (*Hart v. Autowest Dodge* (2007) 147 Cal.App.4th 1258, 1262 [55 Cal.Rptr.3d 249], quoting *Harris v. Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1165–1166 [278 Cal.Rptr. 614, 805 P.2d 873].) ■ Accordingly, we hold that section 290.005 requires the least adjudicated elements of the out-of-state conviction to meet all of the statutory requirements of a registerable offense in California.

■ Although section 290.005 singularly relies on a least adjudicated elements test, the section nonetheless allows a trier of fact—in two instances—to look beyond the elements of the offense for which the defendant was convicted. First, subdivision (b) of section 290.005 allows the prosecution to prove a defendant's need to register in California if the record shows that, at the time of conviction or sentencing in the foreign jurisdiction, the court imposed a sex offender registration requirement. Second, subdivision (d)(4) allows the defendant to avoid the registration requirement by showing that a conviction for sodomy or oral copulation in a foreign court involved only "conduct between consenting adults." These express exceptions allowing consideration of more than the least adjudicated elements of the offense make sense only if section 290.005 otherwise disallows the trier of fact from looking beyond the elements of the offense of conviction.

By requiring an out-of-state offense (for which the foreign jurisdiction has not required sex offender registration) to be equivalent to the statutorily defined elements of the registerable California crime, section 290.005's test for registration mirrors that of section 290. Both sections 290 and 290.005 focus on the elements of the offense rather than the conduct underlying the conviction. Consequently, the least adjudicated elements of the out-of-state crime for which the conviction was secured must meet the definition of a section 290 offense without resort to an examination of the facts underlying the conviction.

Our conclusion would be different if sections 290 and 290.005 articulated a test for proof of qualifying prior convictions in the same manner as that provided by section 1192.7 for prior serious felonies. Subdivision (c) of section 1192.7 defines serious felonies warranting sentence enhancements by referring both to specific sections and to conduct underlying the prior convictions.[5] In particular, subdivision (c)(8) and (23) deem *any* felony

---

[5] Subdivision (c) of section 1192.7 provides: "(c) As used in this section, 'serious felony' means any of the following: [¶] (1) Murder or voluntary manslaughter; (2) mayhem; (3) rape; (4) sodomy by force, violence, duress, menace, threat of great bodily injury, or fear of immediate and unlawful bodily injury on the victim or another person; (5) oral copulation by

conviction involving specified *conduct* to be subject to enhancement as a serious felony regardless of the elements of the offense of conviction.

The least adjudicated elements test cannot apply to subdivision (c) of section 1192.7 because subdivision (c)(8) and (23) would become superfluous due to the trier of fact's inability to ascertain their applicability from only the least adjudicated elements of a conviction. As the Supreme Court declared, "Certainly the prosecution [is] entitled to go beyond the least adjudicated elements of the . . . conviction and use the entire record to prove that defendant had in fact personally inflicted great bodily injury (§ 1192.7, subd. (c)(8)) or personally used a dangerous or deadly weapon (§ 1192.7, subd. (c)(23))." (*People v. Rodriguez* (1998) 17 Cal.4th 253, 261–262 [70

---

force, violence, duress, menace, threat of great bodily injury, or fear of immediate and unlawful bodily injury on the victim or another person; (6) lewd or lascivious act on a child under 14 years of age; (7) any felony punishable by death or imprisonment in the state prison for life; (8) *any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice, or any felony in which the defendant personally uses a firearm*; (9) attempted murder; (10) assault with intent to commit rape or robbery; (11) assault with a deadly weapon or instrument on a peace officer; (12) assault by a life prisoner on a noninmate; (13) assault with a deadly weapon by an inmate; (14) arson; (15) exploding a destructive device or any explosive with intent to injure; (16) exploding a destructive device or any explosive causing bodily injury, great bodily injury, or mayhem; (17) exploding a destructive device or any explosive with intent to murder; (18) any burglary of the first degree; (19) robbery or bank robbery; (20) kidnapping; (21) holding of a hostage by a person confined in a state prison; (22) attempt to commit a felony punishable by death or imprisonment in the state prison for life; (23) *any felony in which the defendant personally used a dangerous or deadly weapon*; (24) selling, furnishing, administering, giving, or offering to sell, furnish, administer, or give to a minor any heroin, cocaine, phencyclidine (PCP), or any methamphetamine-related drug, as described in paragraph (2) of subdivision (d) of Section 11055 of the Health and Safety Code, or any of the precursors of methamphetamines, as described in subparagraph (A) of paragraph (1) of subdivision (f) of Section 11055 or subdivision (a) of Section 11100 of the Health and Safety Code; (25) any violation of subdivision (a) of Section 289 where the act is accomplished against the victim's will by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person; (26) grand theft involving a firearm; (27) carjacking; (28) any felony offense, which would also constitute a felony violation of Section 186.22; (29) assault with the intent to commit mayhem, rape, sodomy, or oral copulation, in violation of Section 220; (30) throwing acid or flammable substances, in violation of Section 244; (31) assault with a deadly weapon, firearm, machinegun, assault weapon, or semiautomatic firearm or assault on a peace officer or firefighter, in violation of Section 245; (32) assault with a deadly weapon against a public transit employee, custodial officer, or school employee, in violation of Sections 245.2, 245.3, or 245.5; (33) discharge of a firearm at an inhabited dwelling, vehicle, or aircraft, in violation of Section 246; (34) commission of rape or sexual penetration in concert with another person, in violation of Section 264.1; (35) continuous sexual abuse of a child, in violation of Section 288.5; (36) shooting from a vehicle, in violation of subdivision (c) or (d) of Section 12034; (37) intimidation of victims or witnesses, in violation of Section 136.1; (38) criminal threats, in violation of Section 422; (39) any attempt to commit a crime listed in this subdivision other than an assault; (40) any violation of Section 12022. 53; (41) a violation of subdivision (b) or (c) of Section 11418; and (42) any conspiracy to commit an offense described in this subdivision." (Italics added.)

Cal.Rptr.2d 334, 949 P.2d 31].) Thus, "the trier of fact must be permitted to go beyond the least adjudicated elements of the offense, to implement the purpose of the electorate in incorporating paragraphs (18) and (24) of section 1192.7[, subdivision (c)] into section 667, subdivision (a), 'and to consider, if not precluded by the rules of evidence or other statutory limitation, evidence found within the entire record of the foreign conviction.' " (*In re Jones* (1994) 27 Cal.App.4th 1032, 1047–1048 [33 Cal.Rptr.2d 469], quoting *People v. Myers* (1993) 5 Cal.4th 1193, 1201 [22 Cal.Rptr.2d 911, 858 P.2d 301].)

As our high court explained, in *People v. Guerrero* (1988) 44 Cal.3d 343, 355 [243 Cal.Rptr. 688, 748 P.2d 1150]: "To allow the trier of fact to look to the entire record of the conviction is certainly reasonable: it promotes the efficient administration of justice and, specifically, furthers the evident intent of the people in establishing an enhancement for [a subdivision] that *refers to conduct, not a specific crime.*" (*Ibid.*, first and second italics added.)

When, in contrast to section 1192.7, subdivision (c), the pertinent legislation does not refer to conduct underlying a conviction but only to the fact of conviction itself, the least adjudicated elements test governs. Thus, the California Supreme Court, in *People v. Castro* (1985) 38 Cal.3d 301 [211 Cal.Rptr. 719, 696 P.2d 111], held that the least adjudicated elements test determines whether a witness may be impeached by a prior felony conviction involving moral turpitude. Such impeachment is allowed under California Constitution, article 1, section 28, subdivision (f), which provides: "Any prior felony *conviction* of any person in any criminal proceeding, whether adult or juvenile, shall subsequently be used without limitation for purposes of impeachment or enhancement of sentence in any criminal proceeding. When a prior felony *conviction* is an element of any felony offense, it shall be proven to the trier of fact in open court." (Italics added.)

"In *People v. Castro[, supra,]* 38 Cal.3d 301 . . . , the California Supreme Court held that despite Proposition 8's Victims' Bill of Rights amendment to the California Constitution (Cal. Const., art. I, § 28, subd. (f)), the due process clause of the Fourteenth Amendment demanded that a witness could be impeached with a felony conviction only if the conviction involved moral turpitude." (*People v. Rivera* (2003) 107 Cal.App.4th 1374, 1379 [133 Cal.Rptr.2d 176], citing *Castro, supra*, 38 Cal.3d at pp. 313–314.) "*Castro* 'divided crimes of moral turpitude into two groups. [Citation.] The first group includes crimes in which dishonesty is an element (i.e., fraud, perjury, etc.). The second group includes crimes that indicate a " 'general readiness to do evil,' " from which a readiness to lie can be inferred. [Citation.]' (*People v. Chavez* (2000) 84 Cal.App.4th 25, 28 [100 Cal.Rptr.2d 680].) As *Castro* explained, it is 'easier to infer that a witness is lying if the felony of which he has been convicted involves dishonesty as a necessary element than when it

merely indicates a "bad character" and "general readiness to do evil." Nevertheless, it is undeniable that a witness' moral depravity of any kind has some "tendency in reason" [citation] to shake one's confidence in his honesty. . . . [¶] There is then some basis—however tenuous—for inferring that a person who has committed a crime which involves moral turpitude other than dishonesty is more likely to be dishonest than a witness about whom no such thing is known.' (*People v. Castro, supra*, 38 Cal.3d at p. 315, fn. omitted.)

"*Castro* declined to list those offenses that did and did not involve moral turpitude." (*People v. Rivera, supra*, 107 Cal.App.4th at pp. 1379–1380, citing *Castro, supra*, 38 Cal.3d at p. 314.) "Instead, it held that 'a witness' prior conviction should only be admissible for impeachment if the least adjudicated elements of the conviction necessarily involve moral turpitude.' (*People v. Castro, supra*, 38 Cal.3d at p. 317.) In other words, *Castro* prohibited the court from going 'behind the conviction and tak[ing] evidence on or consider[ing] the facts and circumstances of the particular offense. Instead, the court must look to the statutory definition of the particular crime and only if the least adjudicated elements of the crime necessarily involve moral turpitude is the prior conviction admissible for impeachment purposes. [Citation.]' (*People v. Mansfield* (1988) 200 Cal.App.3d 82, 87 [245 Cal.Rptr. 800].)" (*People v. Rivera, supra*, 107 Cal.App.4th at pp. 1379–1380.)

██ Here, as in *Castro*, the least adjudicated elements test applies because the pertinent legislation refers to felony convictions rather than conduct underlying those felonies. (Compare Cal. Const., art. I, § 28, subd. (f) with § 290.005, subds. (a) & (d).) In the absence of statutory authorization to consider records showing the conduct underlying a prior conviction, we cannot grant authority to trial courts to go beyond the least adjudicated elements of the offense for which defendant was convicted.

The Attorney General argues that the trial court should be allowed to look beyond the least adjudicated elements of the out-of-state conviction because sex registration is "non-punitive." To this end, the Attorney General directs our attention to statements by the petitioner that were recounted in a postplea report that the Kentucky court considered at her sentencing. On this basis, the Attorney General urges us to conclude that the underlying unadjudicated conduct of the Kentucky offense could support a California conviction.

██ As the Attorney General correctly notes, the sex offender registration requirement does not constitute criminal punishment. As our Supreme Court noted in *Hofsheier, supra*, 37 Cal.4th at page 1197: "Although sex offender registration is not considered a form of punishment under the state or federal Constitution [citations], it imposes a 'substantial' and 'onerous' burden

[citations]." Nonetheless, whether the sex offender registration requirement is punitive or nonpunitive has no bearing on the question of whether a defendant is required to register.

The Attorney General cites no authority, and we know of none, that would permit us to substitute a wholly different inquiry for out-of-state sex convictions than that provided for by statute. Section 290.005's language compels us to conclude that (in the absence of a sex offender registration requirement imposed by the foreign jurisdiction) the least adjudicated elements of the out-of-state conviction must meet all of the requirements of an offense specified in subdivision (c) of section 290 without resort to the conduct underlying the foreign conviction.

## C

Petitioner argues, and the Attorney General does not deny, that section 266j and the Kentucky statute for which petitioner was convicted require different mental states. Specifically, petitioner contends the mens rea element of the Kentucky offense for which she was convicted fails to suffice for the mental state required for a conviction of child procurement (§ 266j) in California. Petitioner's contention has merit.

■■■ Procurement of a child in California requires an intent to give, transport, provide, or make available a minor to someone else for the purpose of engaging in a lewd and lascivious act. (§ 266j;[6] CALCRIM No. 1152.) A lesser mental state suffices for the crime of "criminal facilitation" in Kentucky. (Ky. Rev. Stat. Ann., § 506.080.) Mere reckless indifference suffices for a conviction of section 506.080 of the Kentucky Revised Statutes. (*Dixon v. Commonwealth* (Ky. 2008) 263 S.W.3d 583, 586.) Indeed, the Kentucky offense allows for conviction of " 'one who is "wholly indifferent" to the actual completion of the crime.' " (*Thompkins v. Commonwealth* (Ky. 2001) 54 S.W.3d 147, 150.) Thus, the least adjudicated elements of the Kentucky offense do not meet all of the requirements of section 266j.[7]

The trial court erred in determining that the elements of the Kentucky conviction were equivalent to those of section 266j, for which registration is mandatory in California. (§ 290, subd. (c).) Petitioner was not required to register as a sex offender. The record in this writ proceeding shows that petitioner's plea was induced by the misapprehension of the law as announced by the trial court. The plea was directly induced by the trial court's

---

[6] See footnote 3, *ante.*

[7] The Attorney General does not argue that petitioner's Kentucky offense meets all of the requirements of any other Penal Code section.

erroneous ruling; it is undisputed that had petitioner known she could not be convicted, she would not have pled guilty. Such a guilty plea cannot stand. Our Supreme Court has stated that "[i]t would be unconscionable to hold a defendant bound by a plea made under such significant and excusable misapprehension of the law." (*In re Crumpton* (1973) 9 Cal.3d 463, 468 [106 Cal.Rptr. 770, 507 P.2d 74].) Accordingly, habeas corpus relief is warranted.[8]

## CONCLUSION

The petition for a writ of habeas corpus is granted. A writ of habeas corpus shall issue forthwith to command the superior court to vacate petitioner's sentence and permit her to withdraw her guilty pleas to violations of Penal Code sections 290, subdivision (b), 290.005, subdivision (a), and 290.018, subdivision (b). This decision shall be final as to this court immediately. (Cal. Rules of Court, rule 8.387(b)(3)(A).) The clerk shall lodge a copy of this opinion in case number C062053.

Scotland, P. J., and Butz, J., concurred.

---

[8] Our conclusion obviates the need to address the other issues raised by petitioner, including her argument that she received ineffective assistance of counsel before entering her guilty plea.