Filed 12/28/16

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| TONY TAITANO SAN NICOLAS, Plaintiff and Appellant, v. KAMALA D. HARRIS, as Attorney General, etc., Defendant and Respondent. | D069769 (Super. Ct. No. 37-2015-00018724-CU-WM-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Randa Trapp, Judge.  Affirmed.

Randy Mize, Chief Deputy Primary Public Defender and Frank J. Barone, Deputy Public Defender, for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland Assistant Attorney General, A. Natasha Cortina and Seth M. Friedman, Deputy Attorneys General, for Defendant and Respondent.

# I

## INTRODUCTION

Tony Taitano San Nicolas appeals from a judgment denying his petition for writ of mandate challenging his placement in the California Department of Justice's sex offender tracking program. He contends the court erroneously determined his Washington state conviction for communicating with a minor for immoral purposes qualified under the least adjudicated elements test as a registrable offense in California. We disagree and affirm the judgment.

# II

## BACKGROUND

San Nicolas pleaded guilty to communicating with a minor for immoral purposes, a violation of Revised Code of Washington section 9.68A.090 (RCW 9.68A.090) (Washington conviction). The California Attorney General assessed the Washington conviction, determined the conviction required San Nicolas to register as a sex offender, and enrolled him in the California Department of Justice's sex offender tracking program.

San Nicolas petitioned the superior court for a writ of mandate directing the Attorney General to remove him from the tracking program. He asserted he is not required to register as a sex offender in California because the offense underlying his Washington conviction does not include all of the elements of a registrable offense in California as required by Penal Code section 290.005, subdivision (a) (section 290.005(a)).

After considering the parties briefing and arguments, the court denied the petition. The court found the Washington conviction satisfied the least adjudicated elements test for two registrable California offenses:  contacting a minor with intent to commit a sexual offense (Pen. Code, § 288.3, subd. (a) (section 288.3(a)) and annoying or molesting a child under age 18 (Pen. Code, § 647.6, subd. (a)(1) (section 647.6(a)(1)).

III

DISCUSSION

A

Section 290.005(a) requires sex offender registration for "any person who … has been … convicted in any other court, including any state … court, of any offense that, if committed or attempted in this state, based on the elements of the convicted offense or facts admitted by the person or found true by the trier of fact … would have been punishable as one or more of the offenses described in subdivision (c) of Section 290 …." These offenses include violations of sections 288.3 and 647.6.  (Pen. Code, § 290, subd. (c).)

Because the factual record of the Washington conviction is limited, the least adjudicated elements test governs whether the conviction requires registration under section 290.005(a).  (See *In re Rodden* (2010) 186 Cal.App.4th 24, 39, superseded on another point by Stats. 2011, ch. 362, §§ 1–2.)  Under this test, the Washington conviction is registrable if the underlying offense meets all of the statutory elements of a registrable California offense.  (*Id*. at p. 36.)

3

B

When the Washington conviction occurred, RCW 9.68A.090 provided, with exceptions not relevant here: "A person who communicates with a minor for immoral purposes is guilty of a gross misdemeanor." To establish a violation of RCW 9.68A.090, a prosecutor must prove a defendant: (1) communicated through words or conduct, (2) with a person under the age of 18, or believed to be under the age of 18, (3) for purposes of engaging in sexual misconduct. (See *State v. Falco* (1990) 59 Wn.App. 354, 357–358 [796 P.2d 796]; *State v. Aljutily* (2009) 149 Wn.App. 286, 296 [202 P.3d 1004]; see also *Doe v. State* (2015) 158 Idaho 778, 783 [352 P.3d 500].)

The Attorney General contends these elements, as adjudicated in the Washington conviction, also constitute violations of section 288.3(a) and section 647.6(a)(1). We agree.[1]

---

[1]     Although the Attorney General relies in part on the decision in *Crofoot v. Harris* (2015) 239 Cal.App.4th 1125 (*Crofoot*), we do not find the decision helpful to our resolution of this appeal. The court in *Crofoot* concluded "[the appellant] is required to register as a sex offender in California based upon his Washington conviction of communicating with a child for 'immoral purposes of a sexual nature' (see Wn. Rev. Code § 9.68A.090)." (*Crofoot*, *supra*, at p. 1127.) However, the court did not publish the portion of its decision analyzing this point. In addition, unlike here, the appellant in *Crofoot* admitted specific facts related to his Washington conviction, making it unlikely the court had to utilize the least adjudicated elements test to reach its decision. (*Id.* at 1127-1128.) " ' "It is axiomatic that language in a judicial opinion is to be understood in accordance with the facts and issues before the court. An opinion is not authority for propositions not considered." ' " (*People v. Knoller* (2007) 41 Cal.4th 139, 154–155.)

C

1

Section 288.3(a) prohibits contact or communication with, or attempted contact or communication with, a minor, or a person who reasonably should be known to be a minor, with the intent to commit an enumerated sexual offense involving the minor, including rape, sodomy, lewd or lascivious acts, oral copulation, forcible sexual penetration, or distribution, possession, or creation of child pornography.[2] To establish a violation of this statute, a prosecutor must prove a defendant (1) directly or indirectly communicated with or attempted to communicate with a person, (2) with the intent to commit an enumerated offense involving the person, and (3) knew or reasonably should have known the person was under the age of 18. (CALCRIM No. 1124.)

San Nicolas contends the least adjudicated elements test is not met as to this offense because RCW 9.68A.090 requires a communication for purposes of engaging in sexual misconduct and section 288.3(a) requires a communication for purposes of committing an enumerated sexual offense. However, the collection of enumerated offenses in section 288.3(a) covers a full range of sexual misconduct involving minors and San Nicolas has not identified a sexual misconduct purpose that would be covered by RCW 9.68A.090 and not by section 288.3(a). Indeed, given RCW 9.68A.090's intent and

---

[2] Section 288.3(a) specifically provides: "Every person who contacts or communicates with a minor, or attempts to contact or communicate with a minor, who knows or reasonably should know that the person is a minor, with intent to commit an offense specified in Section 207, 209, 261, 264.1, 273a, 286, 288, 288a, 288.2, 289, 311.1, 311.2, 311.4 or 311.11 involving the minor shall be punished by imprisonment in the state prison for the term prescribed for an attempt to commit the intended offense."

breadth, we cannot conceive of a sexual misconduct purpose that would be covered by RCW 9.68A.090 and not by section 288.3(a). (See *State v. McNallie* (1993) 120 Wn.2d 925, 933 [846 P.2d 1358] [RCW 9.68A.090 "prohibits communication with children for the predatory purpose of promoting their exposure to and involvement in sexual misconduct"]; *State v. Jackman* (2006) 156 Wn.2d 736, 748 [132 P.3d 136] [RCW 9.68A.090 "incorporates within its scope a relatively broad range of sexual conduct involving a minor"].)[3]

San Nicolas further contends the least adjudicated elements test is not met as to section 288.3(a) because section 288.3(a) requires the defendant to have actual or constructive knowledge the victim was under the age of 18 and RCW 9.68A.090 has no such knowledge element. Nevertheless, in a prosecution under RCW 9.68A.090, "[i]t is a defense, which the defendant must prove by a preponderance of the evidence, that at the time of the offense, the defendant made a reasonable bona fide attempt to ascertain the true age of the minor by requiring production of a driver's license, marriage license, birth certificate, or other governmental or educational identification card or paper and did not rely solely on the oral allegations or apparent age of the minor." (Wn. Rev. Code

---

[3] On this point at oral argument, San Nicolas's counsel directed us for the first time to *State v. Wissing* (1992) 66 Wn.App. 745 [833 P.2d 424]. However, this case does not aid our review. The case held RCW 9.68A.090 was unconstitutionally vague as applied to a defendant who showed a 12-year-old boy some "Playboy-type" magazines, asked if the boy knew how to masturbate, and asked to see the boy's pubic hair. (*Wissing*, *supra*, at pp. 747–748.) It is example of conduct not covered by RCW 9.68A.090. It is not example of conduct covered by RCW 9.68A.090, but not covered by section 288.3(a). Consequently, it is irrelevant to the issue of whether the least adjudicated elements test has been met as to these two statutes.

§ 9.68A.110, subd. (3).) By pleading guilty to violating RCW 9.68A.090, San Nicolas gave up this defense, effectively adjudicating it against him. Thus, the least adjudicated elements of RCW 9.68A.090 in this particular case include San Nicolas's constructive knowledge the victim was a minor.

San Nicolas does not dispute the identity of the remaining elements of RCW 9.68A.090 and section 288.3(a). Accordingly, we conclude the court did not err in determining the least adjudicated elements of San Nicolas's conviction for violating RCW 9.68A.090 also constitute a violation of section 288.3(a).

2

Alternatively, section 647.6(a)(1) prohibits a person from annoying or molesting any child under 18 years of age.[4] To establish a violation of this statute, a prosecutor must prove a defendant (1) engaged in conduct directed at a child; (2) a normal person, without hesitation, would have been disturbed, irritated, offended, or injured by the conduct; (3) the conduct was motivated by an unnatural or abnormal sexual interest in the child; and (4) the child was under the age of 18 years at the time of the conduct. (*People v. Valenti* (2016) 243 Cal.App.4th 1140, 1158; *People v. Phillips* (2010) 188 Cal.App.4th 1383, 1396; CALCRIM No. 1122.)

San Nicolas contends the least adjudicated elements test is not met as to this offense because section 647.6(a)(1) requires the offending conduct to be motivated by an

---

4    Section 647.6(a)(1) specifically provides: "Every person who annoys or molests any child under 18 years of age shall be punished by a fine not exceeding five thousand dollars ($5,000), by imprisonment in a county jail not exceeding one year, or by both the fine and imprisonment."

unnatural or abnormal sexual interest in the child and RCW 9.68A.090 requires no such motivation. To the contrary, a violation of RCW 9.68A.090 must be motivated by desire to engage in sexual misconduct. Because there can be no normal sexual interest in a child (*In re D.G.* (2012) 208 Cal.App.4th 1562, 1571), the motivation element of section 647.6(a)(1) is encompassed within the motivation element of RCW 9.68A.090.

Echoing an argument raised as to section 288.3(a), San Nicolas further contends the least adjudicated elements test is not met as to section 647.6(a)(1) because section 647.6(a)(1) requires proof beyond a reasonable doubt the defendant did not have a good faith belief the child was at least 18 years old while RCW 9.68A.090 requires no such mental state. However, as we previously explained, the least adjudicated elements of RCW 9.68A.090 in this particular case include San Nicolas's constructive knowledge the victim was a minor, which precludes him from having had a good faith belief the victim was at least 18 years old. As San Nicolas does not dispute the identity of the remaining elements of RCW 9.68A.090 and section 647.6(a)(1), we conclude the court did not err in determining the least adjudicated elements of San Nicolas's conviction for violating RCW 9.68A.090 also constitute a violation of section 647.6(a)(1).

IV

DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:


BENKE, J.


IRION, J.

9