**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

NABIL AHMED SYED,

*Petitioner*,

v.

WILLIAM P. BARR, Attorney General,

*Respondent.*

No. 17-71727

Agency No.
A061-375-110

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 4, 2020
Pasadena, California

Filed August 12, 2020

Before:  John B. Owens and Patrick J. Bumatay, Circuit
Judges, and Donald W. Molloy,* District Judge.

Opinion by Judge Bumatay

---

* The Honorable Donald W. Molloy, United States District Judge
for the District of Montana, sitting by designation.

## SUMMARY[**]

### Immigration

Denying Nabil Ahmed Syed's petition for review of a decision of the Board of Immigration Appeals, the panel held that Syed's conviction under California Penal Code § 288.3(a), for attempting to communicate with a child with the intent to commit lewd or lascivious acts upon that child, was categorically a crime involving moral turpitude that made him removable.

Applying the categorical approach, the panel first observed that § 288.3(a) includes the following elements: (1) the defendant communicated with or attempted to communicate with a minor; (2) the defendant intended to commit one of 15 enumerated offenses involving that minor; and (3) the defendant knew or reasonably should have known that person was a minor. Because not all of § 288.3(a)'s enumerated offenses involve moral turpitude, the panel explained that the statute is not categorically a crime involving moral turpitude.

However, the panel concluded that the statute is divisible and explained that the government asserted that Syed's § 288.3(a) conviction was based on a specific intent to commit a violation of California Penal Code § 288, which criminalizes certain lewd or lascivious acts upon a child accomplished with the intent of arousing the sexual desires of either the perpetrator or the child.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel held that the full range of conduct proscribed by § 288.3(a) with a specific intent of violating § 288 is a crime involving moral turpitude. First, the panel explained that the California statute is substantially similar to a Washington statute the court had found to be a crime involving moral turpitude. Second, the panel explained that § 288.3(a) and § 288, together, prohibit communicating with a child, while knowing or having reason to be believe the victim is a child, for the purpose of committing a lewd or lascivious act on the child. The panel concluded that a conviction under those statutes evinces an offense that is so "inherently wrong" and so "contrary to the accepted rules of morality" that it is a crime involving moral turpitude.

The panel addressed *Menendez v. Whitaker*, 908 F.3d 467 (9th Cir. 2018), which held that § 288(c)(1) is not a crime involving moral turpitude. *Menendez* focused on the offense's lack of a "good-faith reasonable mistake of age" defense because a defendant could be convicted of § 288(c)(1) without knowing the victim was a child. As a result, *Menendez* reasoned that the offense did not necessarily include the "evil or malicious intent" that is the touchstone of moral turpitude. In light of this lack of evil or malicious intent, *Menendez* also noted that § 288(c)(1) was not morally turpitudinous because the touching reached by the statute could be "outwardly innocuous and inoffensive."

Distinguishing *Menendez*, the panel explained that a conviction for § 288.3(a) requires that the defendant "knows or reasonably should know" that the victim was a minor at the time of the offense and, as a result, some form of a "good-faith reasonable mistake of age" defense is available. Observing that this court has held that the greater the requisite state of mind, the less serious the resulting harm has to be in order for the crime to be one involving moral

turpitude, the panel further concluded that even a non-injurious touching of a child with knowledge of the victim's age—as required by conviction under § 288.3(a) based on the specific intent to commit a § 288 offense—is inherently depraved if done with a sexual intent.

Finally, the panel concluded that Syed's conviction documents established that he pleaded guilty to § 288.3(a) with a specific intent to violate § 288. Accordingly, the panel concluded that the Board correctly held that his offense was a categorical crime of moral turpitude that rendered him removable.

## COUNSEL

David M. Sturman (argued) and Jonathan S. Sturman, Law Office of David M. Sturman P.C., Encino, California, for Petitioner.

Christina P. Greer (argued), Trial Attorney; Greg D. Mack, Senior Litigation Counsel; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

BUMATAY, Circuit Judge:

Nabil Ahmed Syed was ordered removed as an alien convicted of a crime involving moral turpitude within five years of admission. *See* 8 U.S.C. § 1227(a)(2)(A)(i). Syed challenges whether his conviction under California Penal Code § 288.3(a) qualifies as such a crime. On an issue of

first impression, we decide whether, under California law, attempting to communicate with a child with the intent to commit lewd or lascivious acts upon that child categorically constitutes a crime involving moral turpitude. We hold that it does and deny this petition.

## I.

Syed, a native of India, was admitted into the United States as a lawful permanent resident in February 2011. Less than three years later, in October 2013, Syed was charged with three counts of attempted illicit conduct with a child. Syed eventually pleaded guilty to a single count—Count 2 of the Information—attempting to contact a child with the intent to commit a sexual offense under California Penal Code § 288.3(a).[1]

Under that law,

> Every person who contacts or communicates with a minor, or attempts to contact or communicate with a minor, who knows or reasonably should know that the person is a minor, with intent to commit an offense specified in Section 207, 209, 261, 264.1, 273a, 286, 287, 288, 288.2, 289, 311.1, 311.2, 311.4 or 311.11, or former section 288a, involving the minor shall be punished by imprisonment in the state prison for the term prescribed for an attempt to commit the intended offense.

---

[1] Unless otherwise noted, all section (§) references pertain to the California Penal Code.

§ 288.3(a).        Accordingly,    § 288.3(a)    prohibits communication with a minor only if it is "motivated by a specific intent to commit [one of 15] enumerated . . . crime[s]." *People v. Keister*, 129 Cal. Rptr. 3d 566, 572 (Ct. App. 2011). The enumerated offenses include kidnapping, rape, and oral copulation with a minor. *See* §§ 288.3(a), 207, 261, 287.

Count 2 of the Information charging Syed accused him of violating § 288.3(a) "with the intent to commit an offense specified in Penal Code section 288, Lewd Act Upon a Child." Section 288 criminalizes certain lewd or lascivious acts upon a child accomplished with the intent of arousing the sexual desires of either the perpetrator or the child. *See also People v. Martinez*, 903 P.2d 1037, 1048 (Cal. 1995). Subsections (a) and (b) of § 288 pertain to a child under the age of 14, while subsection (c) prohibits such acts on a child aged 14 or 15 years old. No subsection of § 288 was specified in Count 2.

In his guilty plea, Syed acknowledged his plea to Count 2 and, as a factual basis, admitted that he "committed a violation of § 288.3(a) of the Penal Code, a felony, whereby, [he] unlawfully contacted and communicated with a minor, Jane Doe, with the required intent, and [he] knew or should have reasonably known the person was a minor."

Syed was charged as removable under 8 U.S.C. § 1227(a)(2)(A)(i)—an alien convicted of a crime involving moral turpitude within five years of admission. Syed challenged his removability, arguing that the conviction record was insufficient to demonstrate which specific-intent offense supported his § 288.3(a) conviction. Syed claimed that the factual basis in his plea intentionally left his specific-intent offense vague as part of a careful strategy to avoid the immigration consequences of his conviction. Syed noted his

plea agreement only referenced a "required intent" rather than an enumerated sex crime.

The immigration judge rejected Syed's argument. The IJ found that the documents in the record—Syed's Information, guilty plea, and the minutes of his criminal proceedings—sufficiently showed that Syed was convicted of Count 2 of the Information, which expressly denoted the § 288 specific intent for the § 288.3(a) conviction. The IJ also determined that Syed's conviction was categorically a crime involving moral turpitude.

Syed appealed, and the Board of Immigration Appeals summarily affirmed the IJ's removal order. After filing a petition for review in this court, the government filed an unopposed motion to remand Syed's petition to the Board for further consideration. We granted the motion and asked the Board to determine whether a conviction for § 288.3(a), based on an intent to commit a § 288 offense, describes a categorical crime involving moral turpitude.

On remand from this court, the Board answered our question affirmatively. In doing so, the Board found similarities between § 288.3(a) and Washington State's offense of "communication with [a] minor for immoral purposes," under Washington Revised Code § 9.68A.090, which this court has found to be a categorical crime involving moral turpitude. *See Morales v. Gonzales*, 478 F.3d 972, 978 (9th Cir. 2007), *abrogated on other grounds by Anaya-Ortiz v. Holder*, 594 F.3d 673, 677–78 (9th Cir. 2010).

Syed now files a second petition for review. In this appeal, Syed again argues that his conviction record does not support his removal under either the categorical or modified categorical approach.

## II.

## A.

The Board determined that a conviction under § 288.3(a), with a specific intent to commit a § 288 offense, constitutes a categorical crime involving moral turpitude. We agree.[2]

To determine whether a state conviction constitutes a removable offense, we first apply the categorical approach, and, if necessary, the modified categorical approach. *See Marmolejo-Campos v. Holder*, 558 F.3d 903, 912 (9th Cir. 2009) (en banc). The categorical approach is best understood as a task of statutory matching—we ask whether the statutory elements of the crime of conviction match the elements of the generic offense which serves as the basis for removal. *See Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). If the elements of the crime of conviction match (or are narrower than) the elements of the generic offense, then the analysis can stop: the crime of conviction qualifies as a predicate for removal. *Id.*

---

[2] Syed did not specifically challenge the Board's classification of a § 288.3(a) conviction predicated on a § 288 specific intent as a categorical crime involving moral turpitude in his opening brief. Generally, issues not raised in an opening brief are waived. *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992). Nevertheless, both parties adequately addressed this issue in post-briefing filings and at oral argument, and intervening caselaw, such as *Menendez v. Whitaker*, 908 F.3d 467 (9th Cir. 2018), may have undermined the Board's reasoning on this issue. Accordingly, we find an exception to our normal waiver rule. *See Ullah*, 976 F.2d at 514 (detailing exceptions to waiver, including good cause shown and a lack of prejudice to opposing party's defense).

If the elements of the statute are overbroad, we may continue on with the analysis if the criminal statute is, as they say, "divisible." *Id*. at 2249. A divisible statute is one that lists elements in the alternative—thereby creating multiple, distinct crimes within a single statute. *Id*. Under this test, called the modified categorical approach, we compare the elements of the "specific statutory provision that formed the basis for the conviction," as determined by a limited class of conviction documents, to the elements of the generic offense. *Altayar v. Barr*, 947 F.3d 544, 549 (9th Cir. 2020). Once again, if there is a match, the conviction may serve as the removal predicate. *Id.* If a statute is not divisible or if there is no match under the modified approach, the conviction will not serve as a basis of removal.

Here, we must compare the elements of § 288.3(a) to the generic federal definition of a crime involving moral turpitude. Accordingly, we determine whether violation of § 288.3(a) matches a crime that is "vile, base, or depraved and violates accepted moral standards." *Ramirez-Contreras v. Sessions*, 858 F.3d 1298, 1304 (9th Cir. 2017) (simplified) (setting forth the generic federal definition of a crime involving moral turpitude).

Section 288.3(a) includes the following elements: (1) the defendant communicated with or attempted to communicate with a minor; (2) the defendant intended to commit one of 15 enumerated offenses involving that minor; and (3) the defendant knew or reasonably should have known that person was a minor. *San Nicolas v. Harris*, 212 Cal. Rptr. 3d 279, 283 (Ct. App. 2016) (citing Judicial Council of California Criminal Jury Instructions 1124 (2013) ("CALCRIM No. 1124")). Since there is nothing morally turpitudinous about communicating with a child, whether § 288.3(a) qualifies as a basis for removal turns on the intent

motivating the communication. If a person seeks to communicate with a child for a "vile, based, or depraved" purpose, in contravention of "accepted moral standards," then a § 288.3(a) conviction constitutes a crime involving moral turpitude. *Ramirez-Contreras*, 858 F.3d at 1304.

Not all of § 288.3(a)'s enumerated intent offenses involve moral turpitude. For example, California's simple kidnapping statute, § 207(a), which is a § 288.3(a) enumerated offense, is not categorically a crime involving moral turpitude. *See Castrijon-Garcia v. Holder*, 704 F.3d 1205, 1217–18 (9th Cir. 2013) *overruled on other grounds by Ceron v. Holder*, 747 F.3d 773, 782 n.2 (9th Cir. 2014) (en banc) (holding that § 207(a) does not categorically involve moral turpitude because the offense does not require an intent to cause harm or that harm actually occur). Accordingly, under the test explained above, § 288.3(a) by itself would not categorically serve as a basis to remove Syed.

In this case, however, the analysis may continue since the government asserts that Syed's § 288.3(a) conviction was predicated on a specific intent to commit a violation of § 288.[3]  Accordingly, we must determine whether communicating or attempting to communicate with a child

---

[3] We have no doubt that § 288.3(a) is a divisible statute as it disjunctively enumerates 15 different offenses which may serve as its specific-intent element. *See Mathis*, 136 S. Ct. at 2249 (a criminal statute is divisible where it "lists multiple elements disjunctively."). As confirmed by California's jury instructions, to convict under a § 288.3(a), all jurors must unanimously agree on the same specific-intent element of the offense—making it a divisible statute. *See Almanza-Arenas v. Lynch*, 815 F.3d 469, 482 (9th Cir. 2016) (en banc) (holding that we "need not go beyond California's pattern criminal jury instructions" to resolve divisibility); CALCRIM No. 1124.

for the purpose of committing a lewd or lascivious act on the child constitutes a crime involving moral turpitude. We agree with the Board that such an act so transgresses acceptable moral norms that it so qualifies.

Our precedent instructs that communicating with a minor for immoral purposes of a sexual nature constitutes a morally turpitudinous crime. *Morales*, 478 F.3d at 978. In *Morales*, we found that Washington Revised Code § 9.68A.090(1)—Washington State's analogous offense of communicating with a minor for an immoral purpose—was categorically a crime involving moral turpitude. *Id.* The elements of that statute include: (1) communication; (2) with a minor or someone the defendant believes to be a minor; (3) for immoral purposes of a sexual nature. *Id.* (citing *State v. Hosier*, 133 P.3d 936, 941 (Wash. 2006) (en banc)).

We found that "[s]exual communication with a minor is inherently wrong and contrary to the accepted rules of morality and the duties owed between persons." *Id.* Based on that understanding, we ruled that the "full range of conduct" prohibited by § 9.68A.090 constitutes a crime involving moral turpitude. *Id.*; *see also Islas-Veloz v. Whitaker*, 914 F.3d 1249, 1251 (9th Cir. 2019) (reiterating that Washington Revised Code § 9.68A.090(1) is such a crime).

Following *Morales*, we hold that the full range of conduct proscribed by § 288.3(a) with a specific intent of violating § 288 is a crime involving moral turpitude. First, the Washington and California statutes are substantially similar. *See San Nicolas*, 212 Cal. Rptr. 3d at 283 (finding that a conviction under Washington Revised Code § 9.68A.090 constitutes a conviction of § 288.3(a) for purposes of state sex offender registration). Second, and more importantly, the California law prohibits

communicating with a child, while knowing or having reason to be believe the victim is a child, for the purpose of committing a lewd or lascivious act on the child. §§ 288.3(a), 288. Together, these two provisions require that every conviction for this offense include (1) knowledge; (2) an attempt at communication with a child; and (3) a purpose to touch the child with "intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of [a] person or the child." *Id*. Such a conviction evinces an offense that is so "inherently wrong" and so "contrary to the accepted rules of morality" that it squarely falls into the conduct that Congress determined is cause for removal from this country. *Morales*, 478 F.3d at 978 (simplified).

None of our recent caselaw undermines this conclusion. In *Menendez*, 908 F.3d at 467, we analyzed whether a particular subsection of § 288, by itself, constitutes a crime involving moral turpitude. Subsection (c)(1) prohibits a lewd or lascivious act upon a child when the victim is a child of 14 or 15 years and the defendant is at least ten years older than the child. *Menendez*, 908 F.3d at 472. In finding that § 288(c)(1) was not categorically a morally turpitudinous crime, we focused on the offense's lack of a "good-faith reasonable mistake of age" defense to the statute. *Id.* at 473. Since a defendant could be convicted of § 288(c)(1) without knowing the victim was a child, *Menendez* reasoned that the offense did not necessarily include the "evil or malicious intent" that is the "touchstone of moral turpitude." *Id.* (simplified). In light of this lack of evil or malicious intent, *Menendez* also noted that § 288(c)(1) was not morally turpitudinous because the touching reached by the statute could be "outwardly innocuous and inoffensive." *Id.* at 473; s*ee also United States v. Eguilos*, 383 F. Supp. 3d 1014, 1029 (E.D. Cal. 2019) (opining that § 288(b)(1) was not a categorical crime of moral turpitude).

Nevertheless, when § 288 serves as the specific-intent offense of § 288.3(a), we have no doubt as to the inherent wrongfulness of such an offense, so that *Menendez* is distinguishable. A conviction for § 288.3(a) requires that the defendant "knows or reasonably should know" that the victim was a minor at the time of commission of the offense. § 288.3(a). Thus, by the text of the statute, some form of a "good-faith reasonable mistake of age" defense is available to § 288.3(a) offenders. Indeed, § 288.3(a) "does not impose strict liability upon someone who does not know or has no reason to know the person with whom he or she is communicating or attempting to communicate is a minor." *People v. Korwin*, 248 Cal. Rptr. 3d 763, 767 (Ct. App. 2019); *see also* CALCRIM No. 1124 (advising judges to instruct on a defense of "good faith belief that the victim was not a minor" for § 288.3(a) charges). Accordingly, a conviction under these provisions requires the "evil" and "malicious" intent of communicating with a child for a sexual purpose.

Read together, §§ 288.3(a) and 288 necessarily involve an "intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires" of the offender or the victim child—*knowing* (or having reason to believe) the child is aged 15 or younger. §§ 288.3(a), 288(a). As we recently explained, "the greater the requisite state of mind, the less serious the resulting harm has to be in order for the crime to be classified as one involving moral turpitude." *Moran v. Barr*, 960 F.3d 1158, 1162 (9th Cir. 2020). Thus, even a non-injurious touching of a child with knowledge of the victim's age is inherently depraved if done with a sexual intent. Unlike the concern in *Menendez*, with knowledge of the victim's age, such a touch is clearly "vile, base, or depraved and violates accepted moral standards." *Ramirez-Contreras*, 858 F.3d at 1304. Accordingly, we conclude that

the Board properly held that a conviction under § 288.3(a) based on the specific intent to commit a § 288 offense is a categorical crime involving moral turpitude.

## B.

Even if a conviction under § 288.3(a) with a specific intent to commit a § 288 violation constitutes a crime involving moral turpitude, Syed argues that his conviction documents do not specify the specific-intent element of his § 288.3(a) conviction and, thus, he's still entitled to relief. While Syed is correct that the factual basis for his guilty plea is silent as to the specific-intent offense, we agree with the Board that Syed pleaded guilty to a § 288 specific intent.

First, Count 2 of the original Information unequivocally charges Syed with committing § 288.3(a) "with the intent to commit an offense specified in Penal Code section 288, Lewd Act Upon a Child." Second, the guilty plea indicates that Syed pleaded guilty to Count 2. Third, the minutes confirm that Syed pleaded guilty to Count 2 of the "Original Information." Weaving these documents together sufficiently proves that Syed pleaded guilty to § 288.3(a) with a specific intent to violate § 288. Syed specifically affirmed in his agreement that he was pleading guilty to Count 2 and the minutes demonstrate that he didn't plead guilty to any superseding information without the express reference to § 288. *See Coronado v. Holder*, 759 F.3d 977, 986 (9th Cir. 2014) ("Where the minute order or other equally reliable document specifies that a defendant pleaded guilty to a particular count of a criminal complaint, the court may consider the facts alleged in the complaint.").

The factual basis of his plea agreement may have been, as Syed contends, carefully negotiated to avoid a reference to the § 288 lewd-and-lascivious intent. Nevertheless, it was

not crafted well enough to evade the inescapable conclusion that he pleaded guilty to an offense with a § 288 mens rea. Furthermore, Syed knew that his plea could lead to adverse immigration consequences. As part of his plea, he confirmed that he understood that his conviction for the charged offense would have the "consequence of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." Syed's then-defense attorney also certified that he explained the potential immigration consequences of the conviction to Syed.

Accordingly, based on these documents before the IJ, we agree that Syed pleaded guilty to § 288.3(a) with the specific intent of violating § 288. Thus, Syed was properly deemed removable as an alien convicted of a crime involving moral turpitude. 8 U.S.C. § 1227(a)(2)(A)(i).

### III.

The Board correctly held that Syed's offense of conviction was a categorical crime involving moral turpitude. Accordingly, we deny Syed's petition for review.

**DENIED**.