NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 11 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAZARO VIZCARA-RAMIREZ, | No. 19-70019 |
| Petitioner, | Agency No. A205-490-234 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2020**
Seattle, Washington

Before: McKEOWN, HUNSAKER, and BUMATAY, Circuit Judges.

Lazaro Vizcara-Ramirez, a native of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his application for cancellation of removal and voluntary departure. The petition is granted.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1.  An alien convicted of an aggravated felony, including attempted rape, is ineligible for cancellation of removal and voluntary departure. 8 U.S.C. §§ 1229b(b)(1)(C), 1229c(b)(1), 1227(a)(2)(A)(iii), 1101(a)(43)(A), (U). To determine whether a state conviction is an aggravated felony, we employ the categorical and modified categorical approaches. *Syed v. Barr*, 969 F.3d 1012, 1017 (9th Cir. 2020). The analysis essentially "ask[s] whether the statutory elements of the crime of conviction match the elements of the generic offense." *Id*. We review the question de novo. *Jauregi-Cardenas v. Barr*, 946 F.3d 1116, 1118 (9th Cir. 2020).

2.  In 2013, Vizcara was convicted of attempted third-degree rape in violation of Revised Code of Washington ("RCW") §§ 9A.28.020, 9A.44.060. At the time of his conviction, RCW § 9A.44.060(1) defined third-degree rape as when:

> [A] person engages in sexual intercourse with another person, not married to the perpetrator:
>
> (a) Where the victim did not consent . . . to sexual intercourse with the perpetrator and such lack of consent was clearly expressed by the victim's words or conduct, or
>
> (b) Where there is threat of substantial unlawful harm to property rights of the victim.

There is no dispute that RCW § 9A.44.060 (2013) is categorically overbroad due to the threat-to-property alternative. *See Castro-Baez v. Reno*, 217 F.3d 1057,

1059 (9th Cir. 2000) (The generic definition of rape requires "non-consensual sexual intercourse with a person.").

3. Since § 9A.44.060 encompasses conduct beyond federal generic rape, we next need to decide if the statute is divisible. *See Syed*, 969 F.3d at 1017. Divisibility turns on whether a statute's enumerated alternatives are "elements or means." *Mathis v. United States*, 136 S. Ct. 2243, 2256 (2016). A statute is divisible if it "lists elements in the alternative—thereby creating multiple, distinct crimes within a single statute." *Syed*, 969 F.3d at 1017. If "a jury must unanimously agree on which of the . . . statutory alternatives a defendant committed to return a conviction," the alternatives are elements; otherwise, they are means. *United States v. Robinson*, 869 F.3d 933, 938 (9th Cir. 2017). To answer the question, we consult state law, including the face of the statute, possible differences in punishment, and state-court precedent. *Mathis*, 136 S. Ct. at 2256.

While Washington state courts have not specifically addressed this issue with respect to third-degree rape, the Washington Supreme Court has held that the similarly structured first- and second-degree-rape statutes present alternative *means* to committing their respective crimes. *See State v. Whitney*, 108 Wash. 2d 506, 510–11 (1987) (en banc) (regarding RCW § 9A.44.040, first-degree rape); *State v. Ortega-Martinez*, 124 Wash. 2d 702, 707 (1994) (en banc) (regarding RCW § 9A.44.050, second-degree rape).

To determine whether a statute describes "several multiple offenses or a single offense which may be committed in different ways," Washington courts consider: "[1] the title of the act; [2] whether there is a readily perceivable connection between the various acts set forth; [3] whether the acts are consistent with and not repugnant to each other; [4] and whether the acts may inhere in the same transaction." *Whitney*, 108 Wash. 2d at 510 (alterations in original) (quoting *State v. Arndt*, 87 Wash. 2d 374, 379 (1976) (en banc)). Following this analysis, the Washington Supreme Court concluded that first-degree rape is a "single offense" with "alternative means" of commission by kidnapping or by use or threatened use of a deadly weapon. *Id*. at 510–11. Similarly, the court clearly delineated second-degree rape's two alternatives—i.e., by "forcible compulsion" or when the victim is incapable of consent by "reason of being mentally incapacitated"—as "means" not requiring juror unanimity. *Ortega-Martinez*, 124 Wash. 2d at 708–09.

Given these cases, we believe that Washington state courts would also determine that third-degree rape's statutory alternatives are means, not elements. Like in first- and second-degree rape, third-degree rape's lack-of-consent and threat-to-property alternatives "could inhere in the same incident" and are not "repugnant" to each other. *Whitney*, 108 Wash. 2d at 510. In other words, a case could arise where "substantial evidence" could support both rape by lack of consent *and* by threat to property rights in one single offense and, thus, jury unanimity would not be

4

required under Washington law. *Id*. at 511. Under this understanding of the law, § 9A.44.060's alternatives cannot be said to be "elements" and the statute is not divisible.

Washington's pattern jury instructions for third-degree rape confirm that § 9A.44.060's alternatives are means, not elements. Such instructions are often a "useful tool in assessing the divisibility of state statutes." *Chavez-Solis v. Lynch*, 803 F.3d 1004, 1013 (9th Cir. 2015). Here, the instructions at the time of Vizcara's conviction specifically provided:

> To return a verdict of guilty, the jury need not be unanimous as to which of alternatives [lack of consent] or [threat to property] has been proved beyond a reasonable doubt, as long as each juror finds that at least one alternative has been proved beyond a reasonable doubt.

11 Wash. Prac., Pattern Jury Instr. Crim. 42.02 (3d ed. 2008). As jury unanimity is required for any element, *see Robinson*, 869 F.3d at 938, these instructions demonstrate that Washington law views § 9A.44.060's subsections as forming alternative means to committing a single offense.

We recognize that this court has previously held that § 9A.44.060 is an aggravated felony or subject to the modified categorical approach. *See United States v. Yanez-Saucedo,* 295 F.3d 991, 996 (9th Cir. 2002) (holding that § 9A.44.060(1)(a) fits the generic definition of rape); *United States v. Gallegos-Galindo*, 704 F.3d 1269, 1274–75 (9th Cir. 2013) (applying the modified categorical approach to § 9A.44.060). But these cases were decided before *Descamps v. United States*, 570

5

U.S. 254 (2013), and *Mathis* and "had no occasion . . . to determine whether [the statute] is divisible" as required by current law. *Robinson*, 869 F.3d at 937. In light of the above analysis, *Yanez-Saucedo* and *Gallegos-Galindo* are "'clearly irreconcilable with the reasoning or theory' of *Descamps* and *Mathis*," and we do not follow them here. *Id.* (quoting *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc)).

RCW § 9A.44.060 is, thus, indivisible and the BIA was not permitted to resort to the modified categorical approach to determine if Vizcara's conviction was an aggravated felony. *Cf. Syed*, 969 F.3d at 1017 ("If a statute is not divisible. . . , the conviction will not serve as a basis of removal.").

\* \* \*

For the foregoing reasons, we **GRANT** Vizcara's petition and **REMAND** to the BIA.