**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

APR 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO JAVIER LUNA,<br><br>                Petitioner,<br><br>   v.<br><br>MERRICK B. GARLAND, Attorney<br>General,<br><br>                Respondent. | No.   17-70072<br><br>Agency No. A030-458-275<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2021[**]

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Francisco Javier Luna, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision finding him removable. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law,

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

including whether a state statutory crime qualifies as an aggravated felony, *Jauregui-Cardenas v. Barr*, 946 F.3d 1116, 1118 (9th Cir. 2020), and due process claims in immigration proceedings, *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014).  We deny in part and dismiss in part the petition for review.

The BIA did not err in concluding that Luna's conviction under Arizona Revised Statute ("Ariz. Rev. Stats.") § 13-3405 constitutes an aggravated felony where the judicially noticeable documents unambiguously establish that his conviction was for attempted transportation of marijuana for sale.  *See* 8 U.S.C. § 1101(a)(43)(B), (U); *Altayar v. Barr*, 947 F.3d 544, 549 (9th Cir. 2020) ("When, as here, the conviction is based on a guilty plea, we may examine the . . . transcript of plea colloquy[] and any explicit factual finding by the trial judge to which the defendant assented." (internal citation and quotation marks omitted)).  Arizona's definition of attempt at Ariz. Rev. Stats. § 13-1001(A) is coextensive with the federal definition.  *See United States v. Taylor,* 529 F.3d 1232, 1238 (9th Cir. 2008), *abrogated on other grounds as recognized by United States v. Molinar*, 881 F.3d 1064, 1068 (9th Cir. 2017), *implied overruling recognized by Ward v. United States*, 936 F.3d 914, 918-19 (9th Cir. 2019).  And the BIA did not err in concluding that Ariz. Rev. Stats. § 13-3405(A)(4) is divisible.  *See Syed v. Barr*, 969 F.3d 1012, 1017 (9th Cir. 2020) ("A divisible statute is one that lists elements in the alternative—thereby creating multiple, distinct crimes within a single

statute."); *Rosas-Castaneda v. Holder*, 655 F.3d 875, 885-86 (9th Cir. 2011) (applying the modified categorial approach to Ariz. Rev. Stats. § 13-3405(A)(4) because the "full range of conduct encompassed by the statute does not constitute an aggravated felony" (internal citation and quotation marks omitted)), *overruled on other grounds by Young v. Holder*, 697 F.3d 976, 979-80 (9th Cir. 2012) (en banc).

Luna's contention that his removal violated his right to due process and constituted cruel and unusual punishment fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim); *LeTourneur v. INS*, 538 F.2d 1368, 1370 (9th Cir. 1976) ("[D]eportation is not cruel and unusual punishment under the Eighth Amendment even though the penalty may be severe."). Luna's contention that the IJ violated his right to due process by failing to send him a copy of the decision also fails. *See Lata*, 204 F.3d at 1246; *see also* 8 C.F.R. § 1292.5(a) (service shall be upon counsel if noncitizen is represented).

We lack jurisdiction to consider Luna's contentions that the agency's application of both the categorical and modified categorical approaches violated the prohibition on double jeopardy. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78

3                                                                                    17-70072

(9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**