**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IRMA PEDREGO DE CHIQUETTE,<br><br>        Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No.   13-70404<br><br>Agency No. A012-688-196<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2021[**]

Before:    SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Irma Pedrego de Chiquette, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision finding her removable and denying her application for cancellation of removal. We have jurisdiction under 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review de novo questions of law, including whether a state statutory crime qualifies as an aggravated felony, *Jauregui-Cardenas v. Barr*, 946 F.3d 1116, 1118 (9th Cir. 2020), and due process claims in immigration proceedings, *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

The agency did not err in concluding that Pedrego de Chiquette's conviction under Arizona Revised Statutes ("Ariz. Rev. Stats.") § 13-3405 constitutes an aggravated felony where the judicially noticeable documents, and specifically the transcript of change of plea, unambiguously establish that her conviction was for attempted transportation of marijuana for sale. *See* 8 U.S.C. § 1101(a)(43)(B), (U); *Altayar v. Barr*, 947 F.3d 544, 549 (9th Cir. 2020) ("When, as here, the conviction is based on a guilty plea, we may examine the . . . transcript of plea colloquy[] and any explicit factual finding by the trial judge to which the defendant assented." (internal citation and quotation marks omitted)). Arizona's definition of attempt at Ariz. Rev. Stats. § 13-1001(A) is coextensive with the federal definition. *See United States v. Taylor,* 529 F.3d 1232, 1238 (9th Cir. 2008), *abrogated on other grounds as recognized by United States v. Molinar*, 881 F.3d 1064, 1068 (9th Cir. 2017), *implied overruling recognized by Ward v. United States*, 936 F.3d 914, 918-19 (9th Cir. 2019). And the agency properly applied the modified categorical approach. *See Rosas-Castaneda v. Holder*, 655 F.3d 875, 885-86 (9th Cir. 2011)

13-70404

(applying the modified categorial approach to Ariz. Rev. Stats. § 13-3405(A)(4) because the "full range of conduct encompassed by the statute does not constitute an aggravated felony" (internal citation and quotation marks omitted)), *overruled on other grounds by Young v. Holder*, 697 F.3d 976, 979-80 (9th Cir. 2012) (en banc); *see also Syed v. Barr*, 969 F.3d 1012, 1017 (9th Cir. 2020) ("A divisible statute is one that lists elements in the alternative—thereby creating multiple, distinct crimes within a single statute.").

Thus, the agency did not err in finding Pedrego de Chiquette removable and pretermitting her application for cancellation of removal. *See* 8 U.S.C. §§ 1227(a)(2)(B)(i), 1229b(a)(3); *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020), *as amended* (noncitizens removable on aggravated felony grounds are ineligible for cancellation of removal).

Pedrego de Chiquette's contentions regarding retroactivity fail where she filed her application for relief in 2012. *See Almanza-Arenas v. Lynch*, 815 F.3d 469, 473 n.2 (9th Cir. 2016) (noting that because petitioner's application for relief was filed after May 11, 2005, the REAL ID Act applied to his case); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**