**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADAM EUGENE MARTIN, | No.    19-15605 |
| Petitioner-Appellant, | D.C. No. 4:17-cv-00371-JGZ |
| v. | |
| KRIS KLINE, Warden, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer Zipps, District Judge, Presiding

Argued and Submitted December 7, 2021
San Francisco, California

Before:  WARDLAW, BRESS, and BUMATAY, Circuit Judges.

Adam Martin, a federal prisoner, petitioned the district court for habeas relief

under 28 U.S.C. § 2241.  The district court denied Martin's petition, holding that it

lacked jurisdiction to consider a petition brought under § 2241 because Martin did

not meet the requirements set out in § 2255(e), known as the escape hatch provision.

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Martin appeals the dismissal of his petition. We review the district court's decision de novo, *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006), and affirm.

The district court correctly determined that Martin is not "actual[ly] innocen[t]" of his sentencing enhancement, and is thus ineligible for the escape hatch, because his Texas robbery conviction was a "serious violent felony" under § 3559(c), and therefore was a valid predicate offense. *Id.* at 898.

1. The Texas robbery statute Martin was convicted under is divisible, so we analyze whether it counts as a predicate offense under the modified categorical approach. *See Rendon v. Holder*, 764 F.3d 1077, 1084 (9th Cir. 2014); *Syed v. Barr*, 969 F.3d 1012, 1017 (9th Cir. 2020).

The "critical distinction" between indivisible and divisible statutes is that "while indivisible statutes may contain multiple, alternative *means* of committing the crime, only divisible statutes contain multiple, alternative *elements* of functionally separate crimes." *Rendon*, 764 F.3d at 1084–85 (emphasis original). With an element of a crime, a jury "must unanimously agree," while with the means of committing a crime a jury "may disagree yet still convict." *Id.* at 1086; *see also Richardson v. United States*, 526 U.S. 813, 818 (1999).

Here, the Texas robbery statute Martin was convicted under has two subsections: robbery by bodily injury, Tex. Penal Code § 29.02(a)(1), and robbery by threat, *id*. § 29.02(a)(2). While we acknowledge that Texas state courts have been

ambiguous as to whether these two subsections are alternative means or elements, *see Cooper v. State*, 430 S.W.3d 426, 427 (Tex. Crim. App. 2014); *Burton v. State*, 510 S.W.3d 232, 237 (Tex. App. 2017), we conclude that the statute is divisible for three reasons.

First, the statute sets forth different sets of mens rea elements for each version of robbery—"intentionally, knowingly, or recklessly" for robbery by bodily injury and "intentionally and knowingly" for robbery by threat. A mens rea requirement is an element of a crime—not a means of committing a given crime. Indeed, "the general rule is that a guilty mind is a necessary *element* in the indictment and proof of every crime." *Elonis v. United States*, 575 U.S. 723, 734 (2015) (simplified) (emphasis added). The inclusion of different sets of mens rea elements is strong evidence that the Texas robbery statute is divisible.

Second, Texas provides different sample jury instructions for robbery by threat and robbery by bodily injury. *Compare* Texas Crim. Jury Charges § 8:380, Robbery (Threats), *with* Texas Crim. Jury Charges § 8:370, Robbery (Bodily Injury). This suggests that robbery by threat and robbery by bodily injury are separate crimes within one statute. *See Almanza-Arenas v. Lynch*, 815 F.3d 469, 482 (9th Cir. 2016) (looking to state jury instructions to determine if a statute is divisible).

Finally, "if state law fails to provide clear answers," courts may take a "peek" at the record documents to determine if a statute is divisible. *U.S. v. Mathis*, 136 S.

3

Ct. 2243, 2256 (2016). Here, Martin's information suggests that robbery by threat is a separate crime because it tracks § 29.02(a)(2) with no mention of the elements in § 29.02(a)(1).

Taken together, the Texas robbery statute's differing mens rea elements, differing jury instructions, and the charging documents establish that the statute is divisible and subject to analysis under the modified categorical approach.

2. Applying the modified categorical approach, we conclude that Martin was convicted of robbery by threat—not robbery by bodily injury. Counts 1 and 2 of Martin's felony information stated that Martin, "intentionally and knowingly, while in the course of committing theft of property and with intent to obtain and maintain control of said property, threaten and place [the victims] in fear of imminent bodily injury and death, and [Martin] did then and there use and exhibit a deadly weapon, to-wit [a] firearm." Thus, according to the plain terms of the information, Martin was charged with "threaten[ing]" his victims—not causing them bodily injury. Moreover, as the government notes, the relevant documents do not indicate that any victim actually suffered physical injuries. As a result, the record demonstrates that Martin was convicted of robbery by threat.

3. Robbery by threat is a valid predicate offense under 18 U.S.C. § 3559(c) because it tracks the generic federal robbery crime. *Compare* Tex. Penal Code § 29.02(a)(2), *with* 18 U.S.C. §§ 2111, 2113, 2118. Martin's conviction was thus a

4

serious violent felony for purposes of § 3559(c)'s mandatory sentencing enhancement and his actual innocence claim fails.[1]

**AFFIRMED**.

---

[1] Because Martin's actual innocence argument fails, we do not reach whether Martin had an unobstructed procedural shot to make his argument. *Stephens*, 464 F.3d at 898.